**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

_____FILED _____ENTERED
_____LODGED _____RECEIVED

APR 1 8 2005

AL ......
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                          DEPUTY

DEMETRIUS DOWNING       :

  Plaintiff         :

  v           :    Civil Action No. RWT-04-2779

WILLIAM FILBERT, *et al.*     :

  Defendants       :

.....oOo.....

**MEMORANDUM OPINION**

This civil rights action, filed on August 25, 2004, alleges deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment's proscription against cruel and unusual punishment. (Paper No. 1). Pending in the case are Defendants' Motions to Dismiss or for Summary Judgment. (Papers No. 9 and 18). Though Plaintiff was advised of his right to respond to the dispositive motions and the consequences of failing to do so, he has filed nothing in response. (Papers No. 8, 19 and 20). Upon review of the papers filed, this Court finds a hearing on the matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004).

Plaintiff alleges that on July 17, 2004, he was assaulted by fellow inmates at the Baltimore City Detention Center. (Paper No. 1). He states that he was stabbed over 25 times, requiring emergency transport to Johns Hopkins Hospital, where he allegedly received numerous stitches as well as plastic surgery to his face. (Id). He claims that on July 22, 2004, after being discharged from the hospital, a nurse at BCDC broke the sutures in his nose, resulting in the wound healing improperly. (Id). Plaintiff claims that the nurse responsible for his alleged injury would not provide her name. *Id.* Plaintiff requests unspecified damages for the resulting injury to his face. (Id).

In their Motion for Summary Judgment, the medical Defendants assert that there is no evidence that Plaintiff suffered any injury as the result of the medical care provided. (Paper No. 18). The undisputed affidavit of Dr. Yonas Sesay establishes that Plaintiff was provided with the medical care required by his injuries and recommended by the treating medical staff at Johns Hopkins Hospital. (Id. at Ex. 1). Plaintiff was discharged from the hospital on July 18, 2004 when admitted to the infirmary at BCDC. (Id. at Ex. 1, pp. 5, 6, and 11). All progress notes made during his stay at the infirmary indicate that Plaintiff's sutures were intact and that he had no complaints, other than the quality of the food. (Id. at Ex. 1). On July 29, 2004 Plaintiff was evaluated by Dr. Sesay, who noted that Plaintiff had a limited range of motion in his hand following removal of a cast. (Id. at Ex. 2). An x-ray was ordered and removal of the sutures and staples in one week was recommended. (Id). Dr. Sesay also noted that all of Plaintiff's lacerations were well healed. (Id. at Ex. 4).

The remaining governmental Defendants, William Filbert, William Smith, and the State of Maryland, assert that they were not involved in the making of any medical care decisions with respect to Plaintiff's injuries and that they are not subject to respondeat superior liability. (Paper No. 9). In addition, counsel asserts that the State of Maryland is not a person for purposes of § 1983 liability. (Id. at p. 7).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in

2

favor of either party," then summary judgment is inappropriate. See Anderson, 477 U.S. at 250; see also Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987); Morrison v. Nissan Motor Co., 601 F.2d 139, 141 (4th Cir. 1979); Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); Pulliam, 810 F.2d at 1286 (citing Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. See Anderson, 477 U.S. at 256. Inasmuch as the Defendants' motion relied on matters outside the scope of the pleadings, it shall be construed as a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6).

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. See Gregg v. Georgia, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." De'Lonta v. Angelone, 330 F. 3d 630, 633 (4th Cir. 2003), citing Wilson v. Seiter, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the

defendants or their failure to act amounted to deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As noted above, objectively, the medical condition at issue must be serious. See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. Farmer, 511 U.S. at 839– 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." See Rich v. Bruce, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" See Brice v. Virginia Beach Correctional Center, 58 F. 3d 101, 105 (4th Cir. 1995), quoting Farmer, 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." See Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. See Brown 240 F. 3d at 390; citing Liebe v. Norton, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on

precautions actually taken in light of suicide risk, not those that could have been taken).

With respect to Defendants Filbert and Smith[1], Plaintiff has not alleged, nor is there any evidence to suggest that they interfered with required medical care or tacitly authorized substandard care. See Miltier, 896 F. 2d at 854. The undisputed evidence establishes that Plaintiff was promptly transported to Johns Hopkins for emergency medical treatment and that, upon his release, he was provided with the medical care required by the discharging physician. (See Paper No. 9 at Ex. 1, pp. 7– 8 and Ex. 2).

Plaintiff's injuries qualify as a serious medical condition. The care he received was responsive to the seriousness of his condition. There is no evidence that Plaintiff received even substandard care in the aftermath of his attack. (Paper No. 9 at Ex. 1, pp. 7– 8 and  Paper No. 18 at Ex. 2, p. 25).   Plaintiff has, therefore, failed to establish that Defendants inflicted cruel and unusual punishment on him with respect to the medical care provided to him. Accordingly the Motions for Summary Judgment, filed on behalf of all Defendants, will be granted. A separate Order follows.

April 15, 2005
_____
Date

_____
Roger W. Titus
United States District Judge

---

[1] The claim against the State of Maryland shall be dismissed.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 69 (1989).